**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANIBAL JOSE DIAZ-ARGUETA,
            *Defendant-Appellant.*

No. 05-10224

D.C. No.
CR-04-00094-HDM/
RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
January 13, 2006—San Francisco, California

Filed May 16, 2006

Before: John T. Noonan, A. Wallace Tashima, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Noonan

## COUNSEL

Cynthia S. Hahn, Reno, Nevada, for the defendant-appellant.

R. Don Gifford, Assistant United States Attorney, for the plaintiff-appellee.

## OPINION

NOONAN, Circuit Judge:

Anibal Jose Diaz-Argueta (Diaz) appeals the sentence he received from the district court after pleading guilty to ille-

gally reentering the United States following deportation in violation of 8 U.S.C. § 1326. We vacate the sentence of the district court and remand for resentencing in accordance with 18 U.S.C. § 3553(a).

## PROCEDURE

Diaz was indicted for having been an alien found in the United States on June 29, 2004 after having been deported on March 13, 1996. He pleaded guilty on September 7, 2004. The Pre-Sentence Report reported that he had been convicted in California in 1995 for assault with a firearm. In support, the government submitted several documents from the Superior Court of the State of California, County of San Bernardino. After three sentencing hearings, the district court concluded from the state court records that Diaz had pled guilty to assault with a firearm, a felony, and that he had been convicted of that offense. The district court sentenced him at the lower end of the Guidelines to three years and ten months' imprisonment.

Diaz appeals his sentence.

## ANALYSIS

[1] *The State Crime*. Diaz points to the apparent mildness of his state sentence — 109 days in the San Bernardino County Jail and two years probation — and argues that he was convicted of a misdemeanor. The minute order of the state court, relied on by the federal district court, is not a judicial record that can be relied upon to prove the contrary. *See Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1259-60 (2005). Diaz's argument would have force if it were not for the peculiarities of the statute under which he was convicted. The statute provides:

> **§ 245. Assault with deadly weapon or force likely to produce great bodily injury; punishment**

> (a)(2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

Cal. Penal Code §245(a)(2) (West 1996). In the parlance of California law enforcement, a violation of the statute is a wobbler that may be punished either as a felony or as a misdemeanor. As the United States Supreme Court explains, "Under California law, a 'wobbler' is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16 (2003) (internal quotation marks omitted).

**[2]** California Penal Code § 17(b) provides two ways in which a court may exercise such discretion. This statute distinguishes between misdemeanor and felony convictions under wobbler statutes in the following manner:

> When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> > (1) After a judgment imposing a punishment other than imprisonment in state prison.
> >
> > * * *
> >
> > (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on

> application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b) (West 1996).

**[3]** At oral argument of this appeal, counsel for Diaz stated that "there was never a judgment entered." Accordingly, the first method of exercising discretion to reduce the felony to a misdemeanor was not exercised by the state court. There is nothing in the record to show that the second method was used. The presumption that the conviction was of a felony has not been overcome. *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844-45 (9th Cir. 2003); *United States v. Qualls*, 172 F.3d 1136, 1137-38 (9th Cir. 1999); *United States v. Robinson*, 967 F.2d 287, 292-93 (9th Cir. 1992). We, therefore, uphold the district court's determination, albeit on a basis different from that on which it relied. *Cf. United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.7 (9th Cir. 2005), *as amended,* 425 F.3d 547 (9th Cir. 2005).

Diaz objects that the Terms and Conditions of Probation set by the state court do not show him forbidden to possess firearms as a felon. But he was forbidden to do so by operation of law. *See* Cal. Penal Code § 12021(c)(1) (West 1996).

**[4]** *The State Crime As A Crime Of Violence*. Diaz argues that assault with a firearm is not a crime of violence because he received a sentence of less than one year. He reaches this conclusion by looking at the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F). This argument supposes that the district court in sentencing him referred to U.S.S.G. § 2L1.2(b)(1)(C), which provides for an enhancement for an aggravated felony and which refers back to 8 U.S.C. § 1101(a)(43)(F) for the definition of a crime of violence to be used in determining an aggravated felony.

**[5]** The argument is ingenious but mistaken. Diaz was sentenced by reference to U.S.S.G. § 2L1.2(b)(1)(A)(ii). We have

already held that a crime of violence need not be an aggravated felony to qualify for the 16-level enhancement under this guideline. *See United States v. Pimentel-Flores*, 339 F.3d 959, 960 (9th Cir. 2003).

Diaz cites a footnote in *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004), holding that an alien's DUI conviction did not qualify as a "crime of violence" under 18 U.S.C. § 16 and was therefore not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Leocal* does not touch on U.S.S.G. § 2L1.2(b)(l)(A)(ii) and so does not undermine *Pimentel-Flores*. The Guidelines in that case and ours are focused not on an aggravated felony but on a crime of violence.

*The Vitality of Almendarez-Torres.* Diaz invites us not to rely on *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), holding that the government is not required to charge as a factor in the indictment every fact increasing the penalty. We have no reason to question *Almendarez-Torres*, which is favorably cited in *Shepard*. *See United States v. Lopez-Torres*, ___ F.3d ___, No. 05-10392, 2006 WL 1072180, at *3 (9th Cir. Apr. 25, 2006) (noting that "[w]e have repeatedly rejected [the] argument" "that we should decline to follow the Supreme Court's holding in *Almendarez-Torres*").

*The Sentencing Factors Set Out In 18 U.S.C. § 3553(a).* Invoking *United States v. Booker*, 543 U.S. 220, 260-61 (2005), Diaz argues that his sentence should be reviewed for unreasonableness and in that light objects to the court's failure to take into account all of the considerations set out to guide sentencing in 18 U.S.C. § 3553(a). Instead, as in the old mandatory Guidelines days, the court simply turned to the Guidelines and used the sentencing range provided there.

The sentencing statute reads:

### § 3553. Imposition of a sentence

**(a) Factors to be considered in imposing a sentence.** — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed —

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for —

**(A)** the applicable category of offense committed by the applicable category of

defendant as set forth in the guidelines —

    **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement —

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of

whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (West Supp. 2006).

In this case, the district court started out properly by calculating on the record the applicable Guideline range. The district court then stated that it had "carefully considered the Presentence Report and the comments of counsel, and the memorandum filed on behalf of the defendant." The district court, however, did not explicitly address any of the factors listed in § 3553(a), other than the Guidelines. In fact, other than using the Guidelines, the court did not give any reason for its sentence.

**[6]** Section 3553(a) is mandatory. *See Booker*, 543 U.S. at 261 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing."). Its terms are not met by reciting a number taken from a table of the Sentencing Guidelines that are now merely advisory. There is no presumption that such a number has taken into account all of the relevant circumstances that the statute states that the court "shall consider." *See United States v. Zavala*, ___ F.3d ___, No. 05-30120, 2006 WL 914528, at *5 (9th Cir. Mar. 8, 2006) ("If

a district court . . . makes the Guideline calculation *the* presumptive sentence, it will commit legal error by misapplying § 3553(a), which now makes the Guideline a, but only a, factor to be considered.").

**[7]** To comply with *Booker*'s requirement that the district court "sufficiently consider" the factors listed in § 3553(a) "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). No such showing occurred in this case.

Sentencing is a difficult art. It is easy to make it mechanical. It is impossible to make it scientific in the sense of an hypothesis validated or invalidated by experiment. It is, however, an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of the statute. This act remains to be done.

**[8]** Accordingly, the sentence of the district court is VACATED and the case is REMANDED for resentencing.