**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wole Emmanuel OGEDENGBE, Defendant—Appellant.**

No. 05–30372.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed June 28, 2006.

**573**

Lawrence R. Lincoln, Esq., Norman McIntosh Barbosa, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy L. Talner, Esq., Seattle, WA, for Defendant–Appellant.

Before: FERGUSON, CALLAHAN, Circuit Judges, and BOLTON, District Judge.[*]

MEMORANDUM [**]

Appellant Wole Emmanuel Ogedengbe appeals his conviction for conspiracy to import heroin, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A) and 963, and importation of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952(a), 960(b)(1)(A), and 963. We affirm in part, reverse in part, vacate the sentence, and remand for re-sentencing.

## I.

Appellant argues that the admission at trial of out-of-court statements made by his wife violated his rights under the Confrontation Clause, as interpreted by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Appellant's wife was tried and convicted at the same trial for conspiracy to import heroin, but she

[*] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

did not testify. Some of her statements were offered as false exculpatory statements that showed consciousness of guilt and evidenced the existence of the conspiracy. The admission of those nonhearsay statements did not violate the Confrontation Clause. *See Tennessee v. Street,* 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). Other statements were offered for their truth, but they concerned matters that were not in dispute, and therefore, their admission was not problematic. *See, e.g., United States v. Hoac,* 990 F.2d 1099, 1105 (9th Cir.1993).

 Appellant also argues that if his wife's false statements were admitted only to show consciousness of guilt, the district court erred by not giving a limiting instruction to the jury. However, no instruction was required, because the statements were admissible as to both Appellant and his wife. *See Anderson v. United States,* 417 U.S. 211, 219–20, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States v. Hackett,* 638 F.2d 1179, 1186–87 (9th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

## II.

The next issue is whether the trial court erred at sentencing by imposing an obstruction of justice enhancement without making sufficient findings on the record. Any error that may have been committed was harmless because Appellant received the same sentence as his wife, who was convicted of similar conduct but was not found to have obstructed justice.

## III.

Finally, Appellant contends that the district court erred by imposing an unreasonably long sentence. In light of this court's recent decisions in *United States v. Zavala,* 443 F.3d 1165 (9th Cir.

2006), and *United States v. Diaz–Argueta,* 447 F.3d 1167 (9th Cir.2006), Appellant's sentence is vacated and his case is remanded for re-sentencing.

The decision below is AFFIRMED IN PART AND REVERSED IN PART. Appellant's sentence is VACATED and this matter is REMANDED for resentencing.