**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rafat S. OGEDENGBE, Defendant—
Appellant.**

**No. 05–30369.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2006.

Decided June 29, 2006.

Lawrence R. Lincoln, Esq., Norman Mcintosh Barbosa, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Cassandra L. Stamm, Horwitz & Stamm, Seattle, WA, for Defendant–Appellant.

Before: FERGUSON, CALLAHAN, Circuit Judges, and BOLTON, District Judge.*

## MEMORANDUM **

Defendant–Appellant Rafat S. Ogedengbe appeals her conviction for conspiracy to import heroin, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A) and 963. We affirm in part, reverse in part, vacate the sentence, and remand for re-sentencing.

### I.

The trial court did not abuse its discretion in allowing testimony by a government expert concerning the structure and practices of complex international drug smuggling organizations. This court has consistently approved the use of such evidence in cases like the present, which involve a defendant accused of involvement in a complex drug conspiracy. *See United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1259–60 (9th Cir.1998), *cert. denied*, 528 U.S. 842, 120 S.Ct. 311, 145 L.Ed.2d 94 (1999); *United States v. Kearns*, 61 F.3d 1422, 1427 (9th Cir.1995). *See, e.g., United States v. Varela–Rivera*, 279 F.3d 1174, 1179 (9th Cir.2002) (noting that modus operandi testimony is generally inadmissible unless the defendant is charged with conspiracy).

Appellant's reliance on cases such as *United States v. Vallejo*, 237 F.3d 1008 (9th Cir.2001), *as amended*, 246 F.3d 1150 (9th Cir.2001) and *United States v. Varela–Rivera*, 279 F.3d at 1174, is misplaced because those cases did not concern the defendant's alleged involvement in a complex conspiracy like the present. *United States v. Lim*, 984 F.2d 331, 335 (9th Cir. 1993), *cert. denied*, 508 U.S. 965, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993), is also inapposite, as that case involved a simple, three-person conspiracy where the expert testimony risked transforming " 'perfectly innocent items ... into 'evidence of guilt,' " (citation omitted). Here, that risk was not present, as Appellant's actions were incriminating in their own right. Moreover, "unlike in *Lim* ..., none of the expert testimony in this case was admitted to demonstrate that [the defendant] was guilty because [she] fit the characteristics of a certain drug courier profile. Instead the expert testimony was properly admitted to assist the jury in understanding the reasons why a person would" behave as Appellant did. *United States v. Webb*, 115 F.3d 711, 715 (9th Cir.1997), *cert. denied*,

---

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

522 U.S. 974, 118 S.Ct. 429, 139 L.Ed.2d 329 (1997).

II.

Appellant contends that the district court erred at the sentencing hearing by failing to consider adequately on the record the sentencing factors set forth in 18 U.S.C. § 3553(a). In light of this court's recent decisions in *United States v. Zavala,* 443 F.3d 1165 (9th Cir.2006), and *United States v. Diaz–Argueta,* 447 F.3d 1167 (9th Cir.2006), Appellant's sentence is vacated and her case is remanded for re-sentencing.

The decision below is AFFIRMED IN PART AND REVERSED IN PART. Appellant's sentence is VACATED and this matter is REMANDED for re-sentencing.