**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Richard Dennis DAVIS, Defendant— Appellant.**

No. 05–30507.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Decided July 3, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James M. Peters, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Howard I. Manweiler, Esq., Manweiler, Bevis & Cameron, Mark Manweiler, Esq., Boise, ID, Richard J. Magasin, DAG, Law Offices of Michael R. Magasin, Los Angeles, CA, for Defendant–Appellant.

Before: FERGUSON and CALLAHAN, Circuit Judges, and BOLTON,** District Judge.

### MEMORANDUM ***

Richard Dennis Davis appeals the sentence imposed following his guilty plea to possession of sexually exploitive images of minors in interstate commerce, in violation

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

of 18 U.S.C. § 2252(a)(4)(B). Davis contends that during sentencing, the District Court 1) improperly relied on the Sentencing Guidelines as the primary factor in determining his sentence, 2) gave insufficient weight to his charitable contributions, 3) failed to consider evidence of his diminished capacity, and 4) penalized him on the basis of his significant net worth. Davis's arguments are without merit and we affirm the District Court.

We review a district court's interpretation of the sentencing statute, 18 U.S.C. § 3553(a), de novo. *United States v. Zavala*, 443 F.3d 1165, 1168 (9th Cir.2006). We review the overall sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006).

### I.

Davis's first argument, that the District Court improperly relied on the Sentencing Guidelines as the primary factor in determining his sentence, is without merit.

Following the Supreme Court's decision in *Booker*, a district court must consider the other sentencing goals listed in 18 U.S.C. § 3553(a), and not just the Guidelines, in sentencing an individual. *Booker*, 543 U.S. at 259–60, 125 S.Ct. 738; *United States v. Diaz–Argueta*, 447 F.3d 1167, 1171 (9th Cir.2006). Regarding the weight to be given each factor, a district court must not give greater weight to the Guidelines than to the other § 3553(a) factors, such as by presuming the Guidelines calculation to be the appropriate sentence. *Zavala*, 443 F.3d at 1170–71.

■■■ Here, the District Court merely relied on the Guidelines as the "beginning point" in its analysis—an approach we have already approved. *See Cantrell*, 433 F.3d at 1280. By beginning with the Guidelines, the Court in no way presumed that Davis should be sentenced within the Guidelines range. To the contrary, after determining the applicable Guidelines range, the Court conducted a full analysis of the other § 3553(a) factors. The record demonstrates that the Court fully understood its responsibility to weigh all of the statutory factors, and in fact did so. On the basis of all the evidence before it, the Court sentenced Davis to sixty months, a term well below the Guidelines range. Davis's contention that the District Court erroneously relied on the Sentencing Guidelines as the primary sentencing factor is without merit.

### II.

■■■ Davis's second contention is that the District Court erred in failing to reduce his sentence on the basis of his civic and charitable activities. As an initial matter, we have jurisdiction to review this claim based on our authority to review Davis's sentence for reasonableness. The District Court purposefully evaluated Davis's charitable works under the rubric of a post-*Booker* variance, not as a pre-*Booker* departure. In other words, the Court invoked its authority directly under § 3553(a). The Supreme Court directs this Court, in reviewing for reasonableness, to examine such determinations by the lower court pursuant to § 3553(a). *Booker*, 543 U.S. at 261, 125 S.Ct. 738 (directing appellate courts "to determine whether the sentence 'is unreasonable' with regard to § 3553(a)"). The question we ask is whether Davis's sentence, taking into account that it does not include a reduction based on charitable works, is nonetheless reasonable. We conclude that it is.

Davis's charitable activities were not so "exceptional" or "extraordinary," *cf. United States v. Anders*, 956 F.2d 907, 912 (9th Cir.1992), that we deem the Court to have acted unreasonably in declining to vary his

sentence on their basis. Many of Davis's acts amounted to monetary contributions that were unremarkable for a person of his resources and station in life. A significant number of the other activities Davis describes are those that he would have undertaken in the normal course of his career as a medical doctor, and are therefore not "exceptional," either. Finally, the remaining activities Davis describes do not demonstrate that his sentence was unreasonable. We uphold the District Court.

## III.

■■■ Davis's third argument is that the District Court erred in failing to reduce his sentence on the basis of diminished capacity. *See* U.S.S.G. § 5K2.13. However, Davis neither advanced the issue of diminished capacity during sentencing nor objected to the District Court's failure to raise the issue.[1] Where the defendant fails to preserve an issue by raising an objection before the district court, we review for plain error. *United States v. Randall*, 162 F.3d 557, 561 (9th Cir.1998).

Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Relief remains discretionary under a fourth and final requirement: that the error "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *United States v. Perez*, 116 F.3d 840, 846 (9th Cir.1997). Davis's argument that the District Court plainly erred in failing to consider his alleged diminished capacity fails under the second prong of the four-prong test. To be "plain," an error must be "so clear-cut, so obvious, a

competent district judge should be able to avoid it without benefit of objection." *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir.2005).

■■■ The record does not show that Davis was plainly entitled to a reduction in his sentence based on diminished capacity. To the contrary, the record is almost silent on the question of how Davis could have been "significantly impaired" either in his ability to understand the wrongfulness of his behavior or to control behavior he knew was wrongful. *See* U.S.S.G. § 5K2.13. At the same time, there is significant discussion in the record of how Davis is unlikely to reoffend and poses little to no risk of becoming a pedophile. These repeated claims that Davis is unlikely to reoffend, or become a pedophile, cast doubt on the argument Davis now makes, which is that he is unable to control his behavior. As the record does not show that Davis is entitled to a lower sentence on the basis of diminished capacity, the District Court did not plainly err in declining to reduce Davis's sentence on this basis.

## IV.

Davis's fourth and final contention is that the District Court recognized his post-offense efforts to rehabilitate, but improperly discounted these efforts because of Davis's significant net worth, thereby granting a smaller downward variance than that to which Davis was entitled. This argument fails because Davis misstates the Court's position. The record is clear that the Court did not penalize Davis for being wealthy—rather, the Court

1. The only time Davis mentions diminished capacity is in a half-page of his supplemental sentencing memorandum (which explicitly disclaims raising any new grounds for departure). Davis's contention that this half-page, filed six days before the sentencing hearing, sufficiently raised the issue of diminished capacity is without merit, especially given that his plea agreement required that all grounds for departure be raised at least *twenty-one days* prior to sentencing.

raised a question about Davis's wealth in the context of trying to assess whether Davis had sincerely engaged in rehabilitative efforts, or whether he had simply enrolled in programs because he had the financial ability to do so to impress the Court. Once the Court determined there was substance to Davis's rehabilitation efforts, it did not hesitate to grant Davis a significant downward variance on that basis.

For the foregoing reasons, we AFFIRM the District Court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.