**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael David HILL, Defendant— Appellant.**

No. 04–50412.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Filed Aug. 17, 2006.

Becky S. Walker, Esq., Tracy L. Wilkison, Esq., USLA—Office of the U.S. Attor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan P. Milberg, Esq., Tom R. Medrano, Esq., Pasadena, CA, for Defendant– Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## ORDER

Appellant has filed a petition for panel rehearing. The petition for panel rehearing is granted; the memorandum disposition, filed on December 12, 2005, is withdrawn; and a revised memorandum disposition is filed in its place.

## MEMORANDUM **

David Michael Hill appeals the sentence imposed following his guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). Hill contends that this case should be remanded pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because he was sentenced under the mandatory guidelines. The district court attempted to sentence Hill to a non-mandatory Guideline sentence when it sentenced Hill alternatively. To comply with the requirements of *Booker,* however, the district court "must have sufficiently considered the Guidelines as well as the other factors

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

listed in 3553(a)." *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006). In this case, when sentencing Hill alternatively, the district court started out properly by considering the applicable Guideline range, but the court did not address any of the other factors listed in § 3553(a), and did not give any other reasons for its sentence. As we have now clarified, this is insufficient. *See United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir.2006) (*Booker* requirement to consider the § 3553(a) factors not met where the district court relies only on the Guideline range).

Hill's sentence is **VACATED** and this matter is **REMANDED** for resentencing.