**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon ROBLES–AYALA, Defendant—
Appellant.**

No. 06–30039.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Sept. 12, 2006.

USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Ramon Robles–Ayala challenges the reasonableness of his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Robles–Ayala's sentence and remand for resentencing.

Robles–Ayala, through counsel, raised circumstances relevant to the district court's sentencing analysis under 18 U.S.C. § 3553(a)(1), the history and characteristics of the defendant. Specifically, Robles–Ayala argued that he had returned to the United States to work because he "was starving" and because he had no other way to support his three children, who had been abandoned by their mother to his care, and his aging mother. The district court did not respond to Robles–Ayala's argument, except to say that "whatever [Robles–Ayala's] motive for coming to the United States," he had "shown no respect for the laws of this country." This dismissive analysis of an argument raised by the parties and relevant under § 3553(a) is insufficient to allow us to conduct meaningful appellate review. *See United States v. Menyweather,* 447 F.3d 625, 635 (9th Cir.2006) (holding that the district court must articulate its basis for sentencing " 'in sufficiently specific language to allow appellate review' " (quoting *United States v. Working,* 224 F.3d 1093, 1102 (9th Cir.2000))). The court's "checklist recitation" of the § 3553(a) factors does not cure this error. *See United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) ("[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." (quoting *United States v. Smith,* 440 F.3d 704 (5th Cir.2006))).

* This disposition is not appropriate for publication and may not be cited to or by the courts

Accordingly, we remand for the district court to explain for the record why its sentence is reasonable, given the compelling equities presented by Robles–Ayala.

VACATED AND REMANDED.

CALLAHAN, Circuit Judge, dissenting.

I respectfully dissent.

The majority understates the district court's sentencing analysis in this case and overstates the requirements imposed by 18 U.S.C. § 3553(a). Robles–Ayala contends that his sentence is unreasonable because it does not comply with § 3553(a)'s mandate that the sentence be "sufficient, but not greater than necessary." He argues that because (1) he has been sufficiently deterred from future crime, (2) his motive for committing the illegal re-entry was to feed his family, and (3) he declared that he will "never come back," he is entitled to a lesser sentence; yet he fails to offer any evidence that demonstrates that his sentence was greater than necessary.

Robles–Ayala concedes that the district court began with the correct Guidelines Sentence, and the record makes clear that the court considered the § 3553(a) factors. During the sentencing hearing, the district judge stated:

> [W]hen I make a determination about sentence in any case, I am obliged to take into account a substantial number of factors, all of which have been considered by me in making the decision about sentence in your case. I have calculated this guideline sentence range of 46 to 57 months, which is one of the considerations the court is to take into account, but it is advisory only.... I have also looked at the specific provisions of Title 18 Section 3553(a), which is a statute that governs the court's considerations

of this circuit except as provided by Ninth Circuit Rule 36–3.

in effecting sentence.... But in addition, I have looked at the nature and the circumstances of this offense, your history and your characteristics.... I have an obligation to fix a sentence that will reflect the seriousness of the offense, that will promote respect for the law, that will provide just punishment for the offense, that will afford a basis for deterring others from engaging in this kind of conduct, and that will serve to protect the public from further criminal conduct of this sort by you.... And I have also the obligation to give consideration to the statutory factors in light of the directives of the United States Supreme Court in the case of [*United States v. Booker*].

This excerpt makes clear that the district court considered the circumstances of the offense, the tenets of punishment, and the § 3553(a) factors in its ruling. This is all that is required. Indeed, the district court need not specifically address each § 3553(a) factor, "but rather show[ ] that [it] considered the statutorily-designed factors in imposing a sentence." *United States v. Diaz–Argueta*, 447 F.3d 1167, 1171 (9th Cir.2006) (quoting *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006)).

The district court's statements, in totality, provide a sufficient showing that there was adequate consideration given to all the § 3553(a) factors and that the sentence imposed was reasonable. *See Knows His Gun*, 438 F.3d at 919 (sufficient consideration was given to the § 3553(a) factors where the district court: (1) stated that a "sentence of 132 months 'would meet the purpose of sentencing, which is punishment, deterrence, rehabilitation and community protection,'" (2) stated that it

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

"'considered the nature and circumstances of the instant offense' and imposed a sentence that 'accurately reflects the seriousness and detrimental effects of the crime,'" and (3) viewed the Guidelines as "'useful instruction'".) When district judges give appropriate consideration to all of the § 3553(a) factors, we are not at liberty as appellate judges to second-guess the weighing of those factors—even if we might have given a different sentence. *Id.*

I would affirm the judgment.