UNITED STATES of America,
Plaintiff–Appellee,

v.

Segundo Misael PERLAZA–ORTIZ,
Defendant–Appellant.

No. 05–50841.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 19, 2007.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sheri Walker Hobson, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Victor M. Torres, Esq., Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and SMITH, Circuit Judges.

MEMORANDUM **

Segundo Misael Perlaza–Ortiz pleaded guilty to one count of conspiracy to possess, with intent to distribute, approximately 180 kilograms (396 pounds) of cocaine, on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 App. U.S.C. § 1903(a). The district court imposed a sentence of 70–months imprisonment and Perlaza–Ortiz appealed. The facts are known to the parties and we do not repeat them here.

I

■ Perlaza–Ortiz first argues that the indictment against him should be dismissed because it failed to allege that the vessel aboard which he was traveling was "stateless." By pleading guilty unconditionally, however, Perlaza–Ortiz has waived his right to challenge the sufficiency of the indictment. It is true that "[o]rdinarily, in this circuit, '[c]laims that the applicable statute is unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not waived by the guilty plea." *United States v. Perlaza*, 439 F.3d 1149, 1167 n. 21 (9th Cir. 2006) (quoting *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989) (internal citations omitted)). However, as with defendant Aborno in *Perlaza*, by pleading guilty under the MDLEA, Perlaza–Ortiz is deemed to have admitted the factual basis for the exercise of jurisdiction over his crime. *Id.; see also United States v. Moreno–Morillo*, 334 F.3d 819, 825–26 (9th Cir.2003); *United States v. Gonzalez*, 311 F.3d 440, 444 (1st Cir.2002).

■ Even if Perlaza–Ortiz had not waived his right to challenge the indictment, his challenge would fail on the merits, as the indictment alleges that the vessel aboard which he was traveling was a "vessel without nationality" (*i.e.*, a stateless vessel) by charging a violation of 46 App. U.S.C. § 1903(c)(1)(A).

II

■ Perlaza–Ortiz next challenges the reasonableness of the district court's sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A

■ The fact that the district court used the November 2004 Guidelines was not error. The Guidelines in effect on the date that Perlaza–Ortiz's crime was committed did not apply a base offense level cap for mitigating role in drug cases. Perlaza–Ortiz was therefore eligible for a four-level downward adjustment in his base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(a)(3) (2004), and his base offense level was 34 instead of 38. There is thus no ex post facto problem because the November 2004 Guidelines were more beneficial to Perlaza–Ortiz. *See United States v. Warren*, 980 F.2d 1300, 1304 (9th Cir.1992).[1] In calculating the Guidelines' range, the district court gave the defendant the benefit of the safety valve, as well as reductions for minor role and acceptance of responsibility. The

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Further, after recognizing that a change in the Guidelines had occurred, the district court stated that, "[t]he independent guideline analysis in my view with a 70–month sentence for a defendant such as your client ... is a fair, just, and reasonable sentence under the *Booker* case and takes into account sentencing purposes in my view of 3553(a)."

delay between pleading guilty and sentencing allowed Perlaza–Ortiz to establish his eligibility for these adjustments. In short, we believe that the district court properly calculated the Guidelines' range applicable to Perlaza–Ortiz's crime.

### B

The district court also considered other factors in 18 U.S.C. § 3553(a). This case is thus distinguishable from *United States v. Diaz–Argueta*, 447 F.3d 1167, 1171 (9th Cir.2006), where the district court gave no other reason for its sentence than the Guidelines' range. In sentencing Perlaza–Ortiz, the district court made reference to the seriousness of the crime, the need to promote respect for the law, the need to provide adequate deterrence, as well as to the characteristics of the defendant and his familial relationships. Finally, the court stated that it thought that 70–months imprisonment was the least amount of time that was necessary to serve the purposes of 18 U.S.C. § 3553(a). Although the court ultimately stayed within the Guidelines, at the low end, that does not render the sentence unreasonable. The district court explained its reasons for imposing this particular sentence and was within its discretion in sentencing Perlaza–Ortiz within the Guidelines' range, 70–months imprisonment.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.