**UNITED STATES of America,
Plaintiff–Appellee**

**v.**

**Oscar Guillermo LUCATERO–
CAMPOS, Defendant–
Appellant.**

**No. 06–50318.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed May 3, 2007.

nia, Dana M. Sabraw, District Judge, Presiding.  D.C. No. CR–05–01068–DMS.

Before:  T.G. NELSON and SILVERMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Oscar Guillermo Lucatero–Campos appeals his conviction following a jury trial for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a).  He also appeals the 30–month sentence imposed under 8 U.S.C. § 1326(b)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lucatero–Campos first argues that prosecutorial misconduct impermissibly shifted the burden, thereby depriving him of the benefits of the reasonable doubt standard at trial.  However, the Government did not shift the burden where it highlighted the weakness of Lucatero–Campos's case, did not comment on Lucatero–Campos's failure to testify, and expressly noted it bore the burden of proof. *See United States v. Vaandering,* 50 F.3d 696, 701–02 (9th Cir.1995).

Lucatero–Campos next argues that the district court erred in denying his request for a two-level downward adjustment for acceptance of responsibility. The determination of the district court is "entitled to great deference on review" because a "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Cantrell,* 433 F.3d 1269, 1284 (9th Cir. 2006) (citing U.S.S.G. § 3E1.1, cmt. n. 5) (internal quotations omitted).  The acceptance "adjustment is not intended to apply

Neville S. Hedley, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Kris J. Kraus, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n. 2. At trial, Lucatero–Campos argued that the Government did not prove his guilt beyond a reasonable doubt, calling into question the reliability of the Government's witnesses and documentary evidence. Also, Lucatero–Campos did not stipulate to any elements of the offense. Moreover, Lucatero–Campos did not make a statement about the instant offense to the probation officer when interviewed for the Presentence Report ("PSR"). Accordingly, we find that it was not clear error when the district court judge denied Lucatero–Campos a downward adjustment for acceptance of responsibility.

Lucatero–Campos also argues that the district court erred in allowing the use of a model grand jury instruction which states that the grand jury need not consider potential punishments. In an en banc opinion, this Court recently held "that the provisions of the model grand jury instructions ... are constitutional." *United States v. Navarro–Vargas,* 408 F.3d 1184, 1187 (9th Cir.2005) (en banc). Lucatero–Campos acknowledges the case and raises this argument simply to preserve the issue upon further review. Therefore, the district court did not err by allowing the use of the model grand jury instructions.

Lucatero–Campos later argues that the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should either be disregarded under the constitu-

tional doubt theory, or has been effectively overruled, and that § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Every one of these arguments, however, is unmistakably foreclosed by our precedents. *See, e.g., United States v. Beng–Salazar,* 452 F.3d 1088 (9th Cir.2006); *United States v. Diaz–Argueta,* 447 F.3d 1167, 1170 (9th Cir.2006); *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

Lucatero–Campos further argues that it was error to use an administrative reinstatement (as a substitute for a deportation order) to enhance his sentence under 8 U.S.C. § 1326(b)(1). This Court has already held that it is not error to use an administrative reinstatement for sentencing under § 1326(b) in *United States v. Luna–Madellaga,* 315 F.3d 1224 (9th Cir. 2003). We find that *Luna–Madellaga* has not been overruled by this Court's recent decision in *Morales–Izquierdo v. Gonzales,* 477 F.3d 691 (9th Cir.2007).[1] In *Luna–Madellaga,* this Court held that a "reinstatement does not relate back to the time of the prior removal order." 315 F.3d at 1226. This Court further held that the date of removal contemplated by § 1326(b)(1) is the date of the alien's "physical" removal. *Id.* Thus, the district court did not err when it applied a sentence enhancement under § 1326(b)(1) using a reinstated removal.

■ The Government concedes that the district court committed *Apprendi* error when the court used a 2004 removal in its application of § 1326(b)(1) because the 2004 removal was neither proven to a jury

---

1. In light of the ruling of *Morales–Izquierdo,* Lucatero–Campos's argument that a reinstated removal cannot be considered when applying the sentence enhancement of § 1326(b)(1) would, if followed, create the absurd result of giving greater protections to those aliens who illegally reenter the U.S. after being convicted of a felony than those who either remain outside of the U.S. or illegally reenter without a prior felony conviction. This result is even more absurd than the one discussed in *Morales–Izquierdo.*

beyond a reasonable doubt nor admitted by Lucatero–Campos. *See United States v. Covian–Sandoval,* 462 F.3d 1090 (9th Cir.2006). Nevertheless, we find it was harmless error because the record contains overwhelming and uncontroverted evidence of the 2004 removal. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006) (citations omitted) (holding that "error is not harmless if the defendant contested the omitted element *and* raised evidence to support a contrary finding") (emphasis added).

■ The record reveals that the Government presented evidence of the 2004 removal in the PSR. The record also shows that the Government was prepared to present more evidence with regard to the 2004 removal at trial, but was precluded in doing so by Lucatero–Campos's successful 404(b) motion. The district court made its pre-trial ruling on this issue without being informed of the removal's potential importance at sentencing. Although Lucatero–Campos does contest the "Immigration Information" from the PSR, he neither contests the 2004 removal specifically nor presents any evidence to support a finding that he was not removed in 2004. Accordingly, the error complained of is deemed harmless. Lastly, Lucatero–Campos argues that it was error for the district court judge to increase his sentence based on a removal that was not charged in the indictment. We find that the district court did commit *Apprendi* error under *United States v. Cotton,* 535 U.S. 625, 627, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Because Lucatero–Campos preserved his claim that the deportation used to increase his sentence should have been included in the indictment, we review the district court's sentence for harmless error. *Unit-*

ed States v. Jordan,* 291 F.3d 1091, 1095 n. 4 (9th Cir.2002).

We find that in Lucatero–Campos's case the indictment error was harmless. Lucatero–Campos had notice that the 2004 removal was at issue, even though it was not charged in the indictment. It is undisputed that Lucatero–Campos successfully moved to have the 2004 removal stricken from being produced at trial on the grounds of prejudice. Nevertheless, Lucatero–Campos never presented any evidence to show that his 2004 removal was inaccurate, and yet he had notice of that removal since at least the pre-trial motion hearing. Lucatero–Campos's case is distinguished from *Jordan,* where this Court found that the indictment error was not harmless in part because of defendant's lack of notice. *Id.* at 1096.

**AFFIRMED.**