**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar Javier NOLASCO–TELLEZ,**
**Defendant–Appellant.**

**No. 06–50281.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007.*

Filed May 7, 2007.

Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for Southern District of New York, sitting by designation.

MEMORANDUM \*\*\*

Oscar Nolasco–Tellez ("Appellant") appeals the sentence imposed by the district court following entry of his guilty plea for illegal reentry after deportation in violation of 8 U.S.C. § 1326. The judgment of the district court is affirmed.

On or about June 28, 2005, San Diego police officers stopped Appellant for riding a bicycle without lighting equipment after dark. After ascertaining that Appellant had no right to legally remain in the United States, the police officers turned Appellant over to the United States Border Patrol. Appellant confessed to Border Patrol agents that he had previously been deported and had no legal right to remain in the United States. In fact, along with other felony and misdemeanor convictions, Appellant had four prior felony convictions for immigration violations.

Appellant pleaded guilty to being a deported alien found in the United States, his fifth conviction for violating 8 U.S.C. § 1326. At the sentencing hearing, the district court sentenced Appellant to 63 months of incarceration and three years of supervised release.

Appellant filed this appeal through counsel, claiming that the district court imposed an unreasonable sentence by accentuating the factor of deterrence and failing to consider the other statutory sentencing considerations provided in 18 U.S.C. § 3553(a).

This court reviews a district court's sentencing judgment based on a standard of reasonableness. *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In *United States v. Booker,* the United States Supreme Court excised the portion of the Sentencing Reform Act of 1984 (the "Act"), 18 U.S.C. § 3551 *et seq.,* that made the Sentencing Guidelines (the "Guidelines") mandatory upon a sentencing court. *See id.* at 259, 125 S.Ct. 738. As a result of this holding, district courts were granted discretion in determining sentences and the Guidelines became advisory "starting points" rather than mandatory sentencing criteria.

In addition to considering the applicable advisory Guidelines range, district courts are also currently required to consider the factors in 18 U.S.C. § 3553(a) when imposing sentences. *See Booker,* 543 U.S. at 261, 125 S.Ct. 738; *United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir. 2006). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, respect for the law, deterrence, protection of the public, just sentencing, rehabilitation, restitution, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (2), (3), (6), and (7).

In this case, the district court satisfied the requirements of *Booker* by considering all the § 3553(a) factors. After calculating the sentence range pursuant to the Guidelines, the district court explicitly stated that it would consider the § 3553(a) factors for reasonableness. The district court went on to state regarding the Appellant, "the court must look to your personal history and characteristics, your prior criminal record, the seriousness of this offense, the need to impose a sentence that would reflect just punishment and to deter you from future crimes of this nature, and the need to impose a sentence that would

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

avoid an unwarranted sentence disparity among other persons similarly situated."

The district court considered Appellant's family background, education, employment, and history of gang activity and drug use. The district court recited Appellant's prior criminal record, which consisted of a misdemeanor conviction and six felony convictions, including four convictions for felony immigration violations, a robbery conviction, and a prisoner in possession of a weapon conviction.

The district court explained other concerns. Regarding disparity amongst sentences for similar defendants, the district court explained that the Appellant's prior felony conviction for robbery distinguished him from other defendants and justified a harsher sentence. The district court also acknowledged the Government's contention that Appellant underestimated the severity of the present offense as well as his prior criminal history.

With regard to other kinds of penalties, the district court waived or remitted all fines and special assessments and considered its sentence a break from the Guidelines range. The district court also addressed rehabilitation in the context of requiring Appellant to participate in a drug or alcohol abuse treatment program during the three-year supervised release.

Finally, the district court addressed deterrence. It is this portion of the district court's reasoning that Appellant particularly attacks, alleging that the district court gave undue weight to this factor. In light of Appellant's four prior felony convictions for returning to the United States as a deported alien in violation of 8 U.S.C. § 1326, the district court did not act unreasonably in specifically addressing the deterrence factor. Nothing in the record indicates that the district court assigned undue weight to this factor or created any impermissible presumptions. Accordingly, we find that the district court properly addressed the deterrence factor in light of Appellant's persistent violations of 8 U.S.C. § 1326.

For all of the above reasons, it is clear that the district court provided an adequate articulation of its consideration of the § 3553(a) factors and the reasons underlying its sentence in accordance with *Booker.* The judgment is **AFFIRMED.**

