UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcos Javier URQUIDES–TORRES,
Defendant–Appellant.

No. 05–50868.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 15, 2006.

Submitted June 15, 2007.

Lawrence E. Spong, Esq., Roger W. Haines, Jr., Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM *

Defendant-appellant Marcos Javier Urquides–Torres pled guilty to violating 8 U.S.C. § 1326. He was sentenced to a term of imprisonment of seventy-seven months. He now appeals his sentence on various grounds. We affirm.

### I.

The district court determined that Urquides–Torres faced a statutory maximum sentence of twenty years' imprisonment under § 1326(b)(2) because he previously had been removed from the United States subsequent to a conviction for the commission of an aggravated felony. Urquides–Torres contends that this determination was improper.

■ Urquides–Torres's arguments contesting the district court's finding of his date of conviction are squarely foreclosed by Ninth Circuit precedent. *See, e.g., United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–98 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007); *see also United States v. Espinoza–Cano,* 456 F.3d 1126, 1130 (9th Cir.2006); *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Diaz–Argueta,* 447 F.3d 1167, 1170 (9th Cir.2006).

■ Urquides–Torres also contends that § 1326(b)(2) is inapplicable because "the government did not allege, a jury did

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not find, and [he] did not admit the date of his deportation." We review for plain error, as Urquides–Torres makes this particular argument for the first time on appeal. *Cf. Covian–Sandoval,* 462 F.3d at 1093.

■ We agree that it was error under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) for the district court to find that Urquides–Torres had been deported on June 15, 2004. That fact was neither proved to a jury beyond a reasonable doubt nor admitted. *See Covian–Sandoval,* 462 F.3d at 1097–98.[1]

■ However, Urquides–Torres has not shown that his substantial rights were affected by this error. We have described the appropriate inquiry as follows: "[W]e must inquire whether it was clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.... Critically, the defendant bears the burden of raising a reasonable doubt as to the fact." *Id.* at 1098 (internal quotations marks and citations omitted).

Since Urquides–Torres has never challenged the allegation that he was removed on June 15, 2004, he has not raised a reasonable doubt as to its validity.

## II.

Urquides–Torres argues that the district court improperly calculated his criminal history category under the advisory sentencing guidelines.

■ To begin, the district court made findings of his prior convictions. The court applied the "clear and convincing" evidentiary standard. Urquides–Torres contends that this was a violation of his Fifth Amendment due process rights. This argument lacks merit. *See, e.g., United States v. Staten,* 466 F.3d 708, 717–20 (9th Cir.2006); *United States v. Peyton,* 353 F.3d 1080, 1088 (9th Cir.2003); *see also United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc).

■ Urquides–Torres also contends that the district court contravened *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by making other factual findings regarding his prior convictions. However, the findings challenged by the defendant fall into two categories—issues of law properly placed before the sentencing judge and factual findings allowed under *Booker* and its progeny. *See Booker,* 543 U.S. at 259–264, 125 S.Ct. 738; *Staten,* 466 F.3d at 717–20. Urquides–Torres cites no case law to support his contention that such questions should have been decided by a jury.

Finally, Urquides–Torres argues that the district court relied on evidence that was constitutionally deficient under *Shepard v. United States,* 544 U.S. 13, 20–21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), to establish his alleged prior convictions for the purpose of calculating his criminal history score. *Shepard,* however, is inapplicable here. *See United States v. Ellsworth,* 456 F.3d 1146, 1152 (9th Cir.), *cert. denied,* — U.S. ——, 127 S.Ct. 753, 166 L.Ed.2d 583 (2006).

■ The probation office supplied documentary evidence in an addendum to the presentence report to evidence Urquides–Torres's prior convictions. Urquides–Torres argues that the government's evidence was "neither reliable nor complete." Upon

---

1. The temporal relationship between a removal and a prior conviction is a different matter. As we explained in *United States v. Castillo–Rivera,* 244 F.3d 1020, 1025 (9th Cir.2001), it is within the scope of the prior conviction exception for a judge to compare the dates of a removal and conviction, and to make the straightforward finding that the conviction occurred before the removal.

careful review of the record, we find that all of the prior convictions that contributed to appellant's criminal history score were documented adequately.

### III.

■ The district court held that Urquides–Torres's prior conviction under California Penal Code section 245(a) for assault by means likely to produce great bodily injury constituted a "crime of violence," as defined in U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).[2]

Urquides–Torres argues that the district court erroneously concluded that the conviction qualified as a crime of violence. He maintains that California Penal Code section 245(a) is not categorically a crime of violence.

In *Gonzales v. Duenas-Alvarez*, —— U.S. ——, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007), the Court explained what a defendant must do to show that a particular state crime or doctrine extends beyond the generic crime or doctrine. *Id.* at 821.[3] Because Urquides–Torres failed to make the requisite showing, we affirm the district court's determination.

**AFFIRMED.**

---

2. Because Urquides–Torres had been removed subsequent to a crime of violence, his offense level was increased by sixteen pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

3. Following the Supreme Court's decision in *Duenas-Alvarez*, the parties submitted supplemental briefing on this issue.

