UNITED STATES of America, Plaintiff–Appellee,

v.

Tyrone D. CHACON, Defendant–Appellant.

No. 06–30162.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 5, 2007.

Michael Joseph Fica, Esq., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Kuna, ID, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER **, District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Tyrone D. Chacon appeals the district court's sentence, pursuant to a plea agreement, of 262 months for distribution of more than 72 grams of methamphetamine and marijuana. Chacon asserts that the district court improperly considered the guidelines range as the presumptive sentence, giving it too much weight when compared to other 18 U.S.C. § 3553(a) sentencing factors, and failed to consider a significant factor relating to disparity in sentencing.

We review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver. *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir.2005). Chacon does not claim that the waiver was not knowingly and voluntarily made, and so we consider only whether the plea agreement encompassed the grounds of appeal Chacon now raises. *See id.*

The plea agreement states that Chacon waives his right "to appeal the manner in which the sentence was imposed ... unless the sentence is unreasonable based solely on an incorrect application of the sentencing guidelines to which the defendant filed a proper and timely objection." Chacon's appeal does not fall within this narrow exception. The sentence is reasonable; it is the lowest in the range suggested by the guidelines and was arrived at by a careful weighing of the guidelines along with the other § 3553(a) factors. Indeed, the sentence would have been even lower had Chacon not perjured himself.

Finally, the grounds upon which Chacon now objects were neither properly nor timely raised. Chacon make two claims, the first of which is that the district court

relied disproportionately on the guidelines, unduly overshadowing the other sentencing factors in 18 U.S.C. § 3553(a). He raises this argument here for the first time, and so it cannot be the basis for an appeal within the exception provided by the appeal waiver.

Chacon previously referenced his second claim that the district court failed to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). However, he did so only in a brief on sentencing, in contravention of the judge's explicit instructions that this briefing be limited to "three issues: [r]ole in the offense, acceptance of responsibility, and obstruction of justice." In addition, neither Chacon nor his lawyer raised this issue during the lengthy discussion of the 18 U.S.C. § 3553(a) factors.

Even if we were to consider Chacon's second ground as appropriately raised, it fails to convince. As Chacon himself concedes, the factors are not a checklist to be recited on the record. *United States v. Knows His Gun,* 438 F.3d 913, 918–19 (9th Cir.2006); *United States v. Mix,* 457 F.3d 906, 912–13 (9th Cir.2006). In contrast to *United States v. Diaz–Argueta,* 447 F.3d 1167, 1170 (9th Cir.2006), cited by Chacon, where "the court simply turned to the [g]uidelines and used the sentencing range provided there," the district court explicitly analyzed the guidelines-suggested sentence in light of several of the § 3553(a) factors. The court thus provided us with more than a sufficient basis upon which to determine whether the length of the sentence was reasonable. *See United States*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Menyweather,* 447 F.3d 625, 635 (9th Cir.2006).

DISMISSED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.