**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30206 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00148-SEH |
| v. | |
| JOSE JAVIER RUIZ-PELAYO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 25, 2010 [**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose Javier Ruiz-Pelayo appeals from the 70-month sentence imposed

following his guilty-plea conviction for conspiracy to possess with intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruiz-Pelayo contends that the district court procedurally erred by neglecting to meaningfully consider and address all of the factors set forth in 18 U.S.C. § 3553(a). Specifically, Ruiz-Pelayo contends that the district court failed to specifically address his mitigating arguments and that it attached too much weight to the Guidelines range. The record reflects that the district court provided a reasoned sentencing explanation and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *see also United States v. Diaz-Argueta*, 564 F.3d 1047, 1051-52 (9th Cir. 2009).

Ruiz-Pelayo also contends that his sentence is substantively unreasonable. The record demonstrates that, under the totality of the circumstances, Ruiz-Pelayo's 70-month sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see also United States v. Nichols*, 464 F.3d 1117, 1124 (9th Cir. 2006) ("[T]he question before us is not the reasonableness of [the defendant's] and the government's requested sentence, but rather whether the ultimate sentence imposed is reasonable.") (internal quotations omitted).

**AFFIRMED.**

09-30206