**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco DUENAS–GONZALEZ,**
**Defendant–Appellant.**

**No. 05–50730.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 24, 2006.

As Amended on Denial of Rehearing
Jan. 31, 2007.

Jason M. Ohta, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Zandra L. Lopez, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Francisco Duenas–Gonzalez appeals his conviction and seventy-eight month sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Duenas–Gonzalez admitted re-entering the United States illegally, but asserted that he did so under duress. On appeal, Duenas–Gonzalez claims that the district court erred by: (1) precluding Duenas–Gonzalez from introducing evidence in support of his duress defense; (2) denying Duenas–Gonzalez's motion for new trial based on a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and newly discovered evidence; (3) refusing to grant a downward departure for acceptance of responsibility; (4) refusing to grant a downward departure for imperfect duress; and (5) determining that the maximum sentence for Duenas–Gonzalez's offense is twenty years under § 1326(b) instead of two years under § 1326(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▉ The district court did not err in refusing to admit Duenas–Gonzalez's proffered evidence. This evidence was irrelevant to Duenas–Gonzalez's duress defense, cumulative, and confusing to the jury. *See Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990). Moreover, any alleged error was harmless because, even if the proffered evidence had been admitted, Duenas–Gonzalez would be unable to establish the requisite elements of a duress defense: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *United States v. Moreno,* 102 F.3d 994, 997 (9th Cir.1996) (citing *United States v. Becerra,* 992 F.2d 960, 964 (9th Cir.1993)).

Duenas–Gonzalez was not entitled to a new trial on his claimed *Brady* violation or on the ground of newly discovered evidence. Contrary to Duenas–Gonzalez's contention, no *Brady* violation occurred. The government offered neither false evidence nor perjured testimony. *See United States v. Endicott,* 869 F.2d 452, 455 (9th Cir.1989) (noting that the prosecution's inadvertent use of perjured testimony can constitute a *Brady* violation); *Cf. United States v. Young,* 17 F.3d 1201, 1204 (9th Cir.1994) (holding that a new trial was warranted where there is reasonable probability that the false testimony introduced by the government influenced the outcome of the trial). Nor did the government withhold evidence favorable to Duenas–Gonzalez. *See United States v. Chen,* 754 F.2d 817, 824 (9th Cir.1985).

Moreover, Duenas–Gonzalez presented no newly discovered evidence warranting a new trial under Fed.R.Crim.P. 33. The proffered evidence was immaterial, cumulative of evidence introduced at trial, impermissible impeachment evidence, or evidence that could have been discovered before trial through the exercise of reasonable diligence. *See United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991).

▉ Duenas–Gonzalez made no post-arrest statements that show he affirmatively

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

accepted responsibility for his actions. Thus, the district court acted well within its discretion in denying a downward departure for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n. 2; *see also United States v. Martinez–Martinez*, 369 F.3d 1076, 1090 (9th Cir.2004) ("[The Defendant's] purported acceptance of responsibility for his crimes, which occurred during the sentencing phase of trial following his conviction, may not properly form the basis for a downward adjustment under § 3E1.1.").

■ If the district court knew that it had discretion to grant a downward departure but refused to exercise that discretion, this court will not review that decision. *United States v. You*, 382 F.3d 958, 966 (9th Cir.2004). Here, the district court's statement that there was insufficient basis for a departure "indicates a decision founded in discretion, not lack of authority." *United States v. Rearden*, 349 F.3d 608, 617 (9th Cir.2003).

Finally, Duenas–Gonzalez challenges the constitutionality of § 1326. However, his arguments, that "the Supreme Court effectively overruled *Almendarez–Torres,*" and that *"Apprendi* renders unconstitutional the provisions of § 1326 that allow a judge to increase the maximum sentence from two years to twenty," are squarely foreclosed. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1097–98 (9th Cir. 2006) (citing *United States v. Beng–Salazar*, 452 F.3d 1088 (9th Cir.2006); *United States v. Diaz–Argueta*, 447 F.3d 1167, 1170 (9th Cir.2006); and *United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005)).

Duenas–Gonzalez's conviction for § 1326 and his seventy-eight month sentence are AFFIRMED.