# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

    v.

MICHAEL LEE SNELLENBERGER, aka
Michael Lee Cutter, Michael Lee
Davidson, Robert Eugene Frehly,
Cutter Snellenberger, "Cutter",
        *Defendant-Appellant.*

No. 06-50169

D.C. No.
CR-05-00064-AHS

OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submission Deferred February 6, 2007
Submitted February 13, 2007
Pasadena, California

Filed April 3, 2007

Before: Warren J. Ferguson, Eugene E. Siler, Jr.,* and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Ferguson;
Concurrence by Judge Hawkins

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

**COUNSEL**

Gail Ivens, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Anne C. Gannon, Assistant United States Attorney, Santa Ana, California, for the plaintiff-appellee.

**OPINION**

FERGUSON, Circuit Judge:

This case presents the question of whether a minute order, coupled with a charging document, may be sufficient under *Shepard v. United States*, 544 U.S. 13 (2005), to establish a prior crime of violence for purposes of sentence enhancement. We have previously noted that a minute order is "not a judicial record that can be relied upon" to establish the nature of a prior conviction. *United States v. Diaz-Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006). We now explicitly so hold.

## *FACTUAL AND PROCEDURAL BACKGROUND*

In March 2005, Michael Lee Snellenberger ("Snellenberger") was indicted for unarmed bank robbery pursuant to 18 U.S.C. § 2113(a). He pled guilty to the charge in October of that year. At sentencing, the government requested a sentence enhancement under the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G."), based on Snellenberger's status as a "career offender." U.S.S.G. §§ 4B1.1, 4B1.2 (2002). In 1991, Snellenberger had pled nolo contendere to burglary under section 459 of the Cal-

ifornia Penal Code ("Cal. Penal Code § 459" or "§ 459"). The government asserted that this prior crime qualified as one of violence under the Guidelines.

The District Court agreed and determined that, in combination with another prior offense,[1] the § 459 conviction qualified Snellenberger as a career offender. This finding raised his guidelines offense level from 19 to 29 and increased the advisory guideline range for his sentence from 63-78 months to 151-188 months. The court imposed a sentence of 151 months imprisonment, a special assessment of $100, and a three year term of supervised release with various conditions. Snellenberger has appealed the sentencing court's reliance on the career offender provisions of U.S.S.G. § 4B1.2.

## *STANDARD OF REVIEW*

We review de novo the lower court's "interpretation and application" of the Sentencing Guidelines. *United States v. Franklin*, 235 F.3d 1165, 1168 (9th Cir. 2000); *see United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (no change after *United States v. Booker*, 543 U.S. 220 (2005)). We also review de novo the determination of the defendant's career offender status. *United States v. Kelly*, 422 F.3d 889, 891-92 (9th Cir. 2005).

## *DISCUSSION*

[1] A court may deem a defendant a career offender eligible for a sentence enhancement under the Guidelines if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense," and was at least eighteen years old at the time he or she committed a

---

[1]Snellenberger does not contest that he has a history of one prior offense that falls under U.S.S.G. §§ 4B1.1, 4B1.2. He challenges only the District Court's finding that his 1991 conviction should count as a second prior felony.

third felony that was also a "crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a), (b). The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [ ] has as an element the use, attempted use, or threatened use of physical force against the person of another, or [ ] *is burglary of a dwelling . . .*" or another offense enumerated or described in this provision. U.S.S.G. § 4B1.2(a) (emphasis added). The dispute in this case focuses on whether Snellenberger's 1991 burglary conviction qualifies as burglary of a dwelling.[2]

[2] Burglary under Cal. Penal Code § 459 is defined more broadly than burglary of a dwelling. The California statute includes, *inter alia*, burglary of a shop, warehouse, barn, stable, train car, aircraft, mine, or underground portion of a mine. Cal. Penal Code § 459.[3] Therefore, Snellenberger's § 459 conviction does not necessarily imply that he pled to burglary of a dwelling, and it cannot provide the basis for concluding that he is a career offender qualified for a sentence enhancement. *See, e.g.*, *Franklin*, 235 F.3d at 1170 ("We have previously and unequivocally held that California Penal Code section 459 is far too sweeping to satisfy the *Taylor* definition of generic burglary.") (referring to definition even broader than "crime of violence" under U.S.S.G. § 4B1.2(a)).

---

[2]On appeal, Snellenberger does not contest the categorization of the instant offense as a crime of violence.

[3]The complete statutory definition of burglary is as follows:

Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home . . . railroad car, locked or sealed cargo container . . . trailer coach . . . any house car . . . inhabited camper . . . vehicle as defined by the Vehicle Code, when the doors are locked, aircraft . . . or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. . . .

Cal. Penal Code § 459.

In *Taylor v. United States*, 495 U.S. 575, 600 (1990) (interpreting 18 U.S.C. § 924(e) but relying on broader rationale), the Supreme Court held that sentencing courts must generally assess prior convictions using a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *See also United States v. Becker*, 919 F.2d 568, 570 (9th Cir. 1990) (applying *Taylor* rule concerning Armed Career Criminal Act to section 4B1.1 of the Sentencing Guidelines). The Court explained that a fact-based approach would contravene Congressional intent and create "practical difficulties and potential unfairness," as it could lead to mini-trials concerning the factual bases for prior convictions. *Taylor*, 495 U.S. at 601. *Taylor* did provide an exception to the categorical rule for "a narrow range of cases where . . . the charging paper and jury instructions actually required the jury to find all the elements of [the narrower, qualifying offense] in order to convict." *Id.* at 602; *see Shepard*, 544 U.S. at 17 (describing *Taylor* exception). Where the jury instructions in combination with the charging document demonstrated that the jury necessarily had to find all the factual elements of the qualifying offense, the sentencing court could "go beyond the mere fact of conviction" to reach the logical conclusion that the defendant had committed the qualifying offense. *Taylor*, 495 U.S. at 602.

**[3]** In *Shepard*, 544 U.S. at 19, the Supreme Court applied the rationale of *Taylor* to a prior conviction resulting from a plea. *Shepard* held that in pleaded cases, the "closest analog" to jury instructions is "the statement of the factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Id.* at 20 (internal citation omitted). The Court ruled that a sentencing court's inquiry into the facts of a prior crime cannot include consideration of complaint applications or police reports, and instead "is generally limited to examining the statutory definition, charging document, writ-

ten plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16.

In this case, Snellenberger maintains that the government has provided insufficient evidence to establish that his 1991 burglary plea under Cal. Penal Code § 459 involved a crime of violence. The government submitted at sentencing copies of two documents from the convicting court: an information and a minute order. The information lists factual allegations and specifically charges Snellenberger with, *inter alia,* first degree residential burglary in violation of Cal. Penal Code § 459. Under California law, burglary in the first degree necessarily encompasses all factual elements of "burglary of a dwelling," so if Snellenberger had pled guilty to this charge, he would necessarily have admitted to burglary of a dwelling. *See* Cal. Penal Code §§ 450, 460(a), (b). However, like any charging document, the information is insufficient alone to prove the facts to which Snellenberger admitted. *See Ruiz-Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir. 2007); *United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir. 1993). The government therefore relies heavily on the minute order, which states that Snellenberger entered a nolo contendere plea to "459 Penal Code (first degree)."

**[4]** Snellenberger maintains that the sentencing court should not have considered the minute order. We agree. To establish that a defendant committed a prior crime of violence, the government must provide the sentencing court with "the terms of a plea agreement or transcript of [a] colloquy between [the] judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [ ] some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. As we previously recognized in *Diaz-Argueta*, 447 F.3d at 1169, a minute order is not a comparable judicial record under *Shepard*.[4]

---

[4]We decided in *Diaz-Argueta*, 447 F.3d at 1169, that, under *Shepard*, a minute order of the state court was "not a judicial record that c[ould] be

**[5]** A minute order is not sufficient because it does not contain "the factual basis for the plea [as] confirmed by the defendant." *Shepard*, 544 U.S. at 26. On the contrary, it contains no facts and no indication that it has even been shown to the defendant. The one-page form simply provides a tiny space in which to list the statute under which the defendant has been convicted. Such a document cannot be considered "comparable" to "a plea agreement or transcript of [a] colloquy between the judge and the defendant." *Id.*[5]

**[6]** The government asserts that California evidentiary law treats minute orders as accurate in the absence of substantial evidence to the contrary, but this argument misses the point.

---

relied upon to prove" the felony status of a prior conviction under U.S.S.G. § 2L1.2(b)(1)(A)(ii), but that Diaz-Argueta's particular prior offense was a felony as a matter of statutory interpretation. Ultimately, we remanded the case because the sentencing court had failed to consider any of the factors of 18 U.S.C. § 3553(a). *Id.* at 1170, 1171.

[5]We recognize an apparent tension between *Diaz-Argueta* and two of our cases concerning abstracts of judgments. *Compare Diaz-Argueta*, 447 F.3d at 1169 (minute orders are not judicial records under *Shepard*) *with United States v. Valle-Montalbo*, 474 F.3d 1197, 2201-02 (9th Cir. 2007) (abstract of judgment, coupled with charging document, may provide "clear and convincing evidence" of prior conviction) *and United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005) (quotation and internal punctuation omitted) (abstract of judgment and charging document were not "too far removed from . . . a prior judicial record" and therefore did not raise constitutional concerns under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). As none of these decisions clarified this circuit's interpretation of comparable judicial records under *Shepard*, we take the opportunity to do so in this opinion. *See Valle-Montalbo*, 474 F.3d at 1201-02 (neither citing *Shepard* nor addressing whether abstract of judgment is comparable judicial record); *Diaz-Argueta*, 447 F.3d at 2269 (noting without explanation that minute orders are not judicial records under *Shepard*); *compare Rodriguez-Lara*, 421 F.3d at 950 (deciding constitutionality of increasing sentence based on abstract of judgment and charging document, and citing constitution-based, plurality portion of *Shepard*, not majority portion that explicitly rested on statutory interpretation of Guidelines (citing *Shepard*, 544 U.S. at 24)) *with Shepard*, 544 U.S. at 23 ("We are, after all, dealing with an issue of statutory interpretation.").

*See Shepard*, 544 U.S. at 22-23 (rejecting argument that documents could be considered reliable if uncontradicted). The question is not whether the documents are admissible under general rules of evidence, but whether they are adequate to meet the government's evidentiary burden of clearly and unequivocally establishing the facts underlying a prior conviction so as to justify the enhancement of a criminal sentence. As the Supreme Court noted when ruling that complaints and police reports could not be considered, the defendant was never asked if the information contained in the reports was true or accurately reflected his plea. *Id*. at 18. For this same reason, a minute order cannot establish the factual elements underlying a plea to a prior offense.

**[7]** Any inquiry beyond the language of the convicting statute "must be narrowly construed" to implement Congressional intent and avoid endless evidentiary hearings concerning prior offenses. *Id.* at 23 n.4. A sentence enhancement based on facts underlying a prior conviction must rely on a judicial record of those facts. *Id.* at 26. The government has submitted no such record regarding Snellenberger's § 459 conviction, and the enhancement of his sentence was in error.

## *CONCLUSION*

The District Court should not have considered a minute order in ruling on whether Snellenberger's conviction under Cal. Penal Code § 459 involved burglary of a dwelling and therefore a crime of violence. The government has failed to meet its burden of demonstrating that Snellenberger qualified as a career offender, eligible for a sentence enhancement under the Guidelines. For the foregoing reasons, we **VACATE** the decision below and **REMAND** for a new sentencing hearing.

HAWKINS, Circuit Judge, specially concurring:

The majority quite properly holds that we are bound by this court's prior statement that a state court minute order is not the type of judicial record we can rely on under *Shepard v. United States*, 544 U.S. 13 (2005). *See United States v. Diaz-Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006).

I write separately to clarify that we are not presented in this opinion with the question of whether a minute order could be used, together with a charging document, to satisfy the government's burden of poof of the *fact* of a prior conviction, where the charged crime *categorically* qualifies as a requisite crime for purposes of sentencing enhancements. Presumably, this would not present a problem: minute orders share many similarities with abstracts of judgments, *see United States v. Navidad-Marcos*, 367 F.3d 903, 909 (9th Cir. 2004), and our court routinely permits the use of abstracts of judgments, coupled with a charging document, to satisfy this burden. *See United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007) ("trial court may rely upon the abstract of judgment and charging document to conclude there is clear and convincing evidence that the defendant had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A)"); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005). I thus disagree with the majority's conclusion that there is "tension" between *Diaz-Argueta* and *these* cases, majority opinion at n. 5, because *Valle-Montalbo* and *Rodriguez-Lara* did not rely on the abstract of judgment to conduct a modified categorical approach under *Shepard/Taylor*, but only relied on the document *after* concluding that the crime of conviction was *categorically* a requisite crime for sentencing enhancement purposes. Thus, the only remaining issue was whether the government established the fact of a prior conviction, and not the nature of the conviction itself.

The tension exists, in my view, as to whether we may consider these types of documents under *Shepard* when conduct-

ing *Taylor*'s modified categorical approach. In the cases in which we have disapproved the similar use of an abstract of judgment, the abstract has revealed that the defendant pled to a *different* crime than that in the charging document. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078-79 (9th Cir. 2007); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005); *see also Navidad-Marcos*, 367 F.3d at 908-09 (disapproving use of abstract alone to narrow conduct charged in information). I agree that abstracts of judgment may not *independently* establish a qualifying conviction, but I do not believe our case law precludes their use altogether when conducting the modified categorical analysis, and especially not when the abstract reveals the defendant pled to the same (narrower) crime as described in the charging instrument.

I concur because I believe we are bound by *Diaz-Argueta*, but the result may be that abstracts of judgments and minute orders are treated differently in this circuit for purposes of *Shepard/Taylor*.