**Juan Rolando HERNANDEZ–AGUILAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71945.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 16, 2007 *.

Filed May 23, 2007.

Juan Rolando Hernandez–Aguilar, Ventura, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Juan Rolando Hernandez–Aguilar, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

The government did not meet its burden of proving that Hernandez–Aguilar is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Convictions under California Health and Safety Code § 11377(a) do not categorically qualify as offenses relating to a controlled substance for purposes of the Immigration and Nationality Act because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [federal Controlled Substances Act]." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). The statute of conviction charged by the government in this case, California Health and Safety Code § 11379(a), similarly punishes substances that are not federally listed. We therefore conclude that the BIA erred in determining that Hernandez–Aguilar necessarily was convicted of a controlled substance offense.

Applying the modified categorical approach, we also conclude, contrary to the government's position, that the record does not establish a basis for Hernandez–Aguilar's inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Minute orders are not judicially noticeable documents under *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *See United States v. Diaz–Argueta,* 447 F.3d 1167, 1169 (9th Cir.2006); *see also United States v. Snellenberger,* 480 F.3d 1187, 1191 (9th Cir.2007) ("a minute order cannot establish the factual elements underlying a plea"). Accordingly, we grant the petition for review with respect to Hernandez–Aguilar's inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), *see Ruiz–Vidal,* 473 F.3d at 1080 ("here the record on remand would consist only of those documents already in the record"), and remand for further proceedings. In light of our decision, we do not reach Hernandez–Aguilar's remaining contentions.

Counsel for the respondent is reminded that unpublished dispositions filed before January 1, 2007 may not be cited to this court. *See* 9th Cir. R. 36–3(c).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-
ED; REMANDED.

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.