**Vitalijus POLIKARPOVAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74970.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 23, 2007.

Vitalijus Polikarpovas, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, U.S. Dept. of Justice, Justice Management Division, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**670**

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Vitalijus Polikarpovas, a native and citizen of Lithuania, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his motion to terminate removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *see Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review.

Polikarpovas contends that the government has not proven his removablity following conviction for a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). We agree. Convictions under Cal. Health and Safety Code §§ 11360(A) and 11379(A) do not categorically qualify as removable offenses under 8 U.S.C. § 1227 because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [federal Controlled Substances Act]." *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). Applying the modified categorical approach, we conclude that the BIA erred in relying on a minute order to establish the basis for Polikarpovas' removability. Minute orders are not adequate to establish the elements of an underlying conviction under *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *See United States v. Diaz–Argueta,* 447 F.3d 1167,

1169 (9th Cir.2006); *see also United States v. Snellenberger,* 480 F.3d 1187, 1191 (9th Cir.2007) (finding an information and minute order insufficient to establish the facts of a prior conviction, stating "a minute order cannot establish the factual elements underlying a plea"). Accordingly we grant the petition for review with respect to Polikarpovas' removability under 8 U.S.C. § 1227(a)(2)(B)(i). *See Ruiz–Vidal,* 473 F.3d at 1080 ("here the record on remand would consist only of those documents already in the record.").

Contrary to the government's assertion, the issue of the minute order as evidence is exhausted. *See Sagermark v. INS,* 767 F.2d 645, 648 (9th Cir.1985) (where the BIA has addressed an issue, the issue has been exhausted). Moreover, it is the government's burden to prove by "clear, unequivocal and convincing evidence that the facts alleged as grounds of removability are true." *Ruiz–Vidal,* 473 F.3d at 1076 (citation omitted).

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.