**Windell Javillonar RETUTA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–74855.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Windell Javillonar Retuta, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

Convictions under California Health and Safety Code § 11377(a) do not categorically qualify as removable offenses under 8 U.S.C. § 1227(a)(2)(B)(i) because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [federal Controlled Substances Act]." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). Applying the modified categorical approach, we conclude that the BIA erred in relying on information from a minute order to establish the basis for Retuta's removability. Minute orders are not judicially noticeable documents under *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *See United States v. Diaz–Argueta,* 447 F.3d 1167, 1169 (9th Cir.2006); *see also United States v. Snellenberger,* 480 F.3d 1187, 1191 (9th Cir.2007) ("a minute order cannot establish the factual elements underlying a plea"). Accordingly, we grant the petition for review with respect to Retuta's removability under 8 U.S.C. § 1227(a)(2)(B)(i), *see Ruiz–Vidal,* 473 F.3d at 1080 ("here the record on remand would consist only of those documents already in the record"), and remand for further proceedings. In light of our decision, we do not reach Retuta's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.