**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Oscar James MITCHELL,
Defendant–Appellee.**

**No. 06–10696.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 22, 2007.

Craig S. Denney, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellant.

Cynthia S. Hahn, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellee.

Before: BYBEE, M. SMITH, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant–Appellee Oscar James Mitchell was convicted of bank robbery. At sentencing, the government sought a "career-offender" enhancement under U.S.S.G. § 4B1.1 based on evidence of three prior convictions. The district court acknowledged that Mitchell's convictions most likely did qualify as predicate offenses sufficient to establish "career offender" status, but nevertheless erroneously declined to sentence Mitchell as a career offender. We vacate the sentence and remand for resentencing with an advisory guidelines range that includes this enhancement.

### I.

Even though *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the guidelines advisory, the district court must still make a proper advisory guidelines calculation, including any applicable sentencing enhancements. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). "A misinterpretation of the Guidelines by a district court effectively means that [the district court] has not properly consulted the Guidelines." *Id.* (internal citation omitted and alteration in original). If the district court makes a material miscalculation of the advisory guidelines range, we vacate and remand for resentencing without reaching the issue of "reasonableness." *Id.*

To support a "career offender" enhancement under U.S.S.G. § 4B1.1, the government had to establish evidence of at least two prior convictions for either a "crime of violence" or a "controlled substance offense" as defined in U.S.S.G. § 4B1.2. This enhancement would have increased the base offense level by 10 levels, which would have more than doubled the maximum advisory guidelines sentence from 78 months to 188 months. Because of the "extremely disproportionate effect" on the sentence, we will assume that the government had to meet a "clear and convincing" standard to support the enhancement. *United States v. Staten*, 466 F.3d 708, 717–18 (9th Cir.2006); *see also United States v. Jordan*, 256 F.3d 922, 927–29 (9th Cir. 2001) (identifying several factors relating to the "disproportionate effect" test).

Even assuming that the "clear and convincing" standard applies, however, the government has established evidence sufficient to establish at least two convictions of a "crime of violence" or a "controlled substance offense" under the modified categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Mitchell does not contest that his 1989 California conviction for attempted armed robbery in violation of California Penal Code § § 211 and 664 constitutes a "crime of violence." The government also established, by clear and convincing evidence, two separate convictions for a "controlled substance offense": a 1996 New Mexico conviction for cocaine trafficking in violation of N.M. Stat. Ann. § 30–31–20(A)(3),[1] and a 2000 Georgia con-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The government introduced an indictment, a signed plea agreement, and a signed judgment of conviction indicating that Mitchell was convicted of trafficking cocaine "by possession with intent to distribute." These documents are entirely sufficient under the modi-

fied categorical approach. *See Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Snellenberger*, 480 F.3d 1187, 1190 (9th Cir.2007). It is of no moment that the indictment indicated that Mitchell possessed cocaine with the intent to "transfer" it to another, both because all the documents indicate the conviction was for "trafficking (by

viction for possession of marijuana with intent to distribute in violation of Ga.Code Ann. § 16–13–30.[2] Accordingly, we vacate the sentence and remand for resentencing pursuant to an advisory guidelines calculation including the career offender enhancement.

## II.

Mitchell separately argues that, regardless of any error in the guidelines calculation, the sentence was nevertheless reasonable under *Booker*. Because we conclude that the district court made a material miscalculation in the advisory guidelines range, we vacate the sentence and remand for resentencing without reaching this question. *See Cantrell*, 433 F.3d at 1280. On remand, the district court can address Mitchell's arguments concerning his physical and mental health and other personal circumstances under 18 U.S.C. § 3553(a) and *Booker*, and in light of a proper advisory guidelines calculation.

**VACATED AND REMANDED.**

possession with intent to distribute)" and because the New Mexico Controlled Substance Act expressly defines "distribute" as "deliver," N.M. Stat. Ann. § 30–31–2(J), and, in turn, defines "deliver" as "actual, constructive or attempted *transfer*," N.M. Stat. Ann. § 30–31–2(G) (emphasis added).

**2.** The government introduced an "Accusation" (the charging document), and a "Final Disposition," which was signed by the trial judge and indicated that Mitchell had pled

guilty to the crime as charged in the Accusation. These documents are also entirely proper under the modified categorical approach. *See Shepard*, 544 U.S. at 16, 125 S.Ct. 1254; *Snellenberger*, 480 F.3d at 1190; *United States v. Velasco–Medina*, 305 F.3d 839, 852–53 (9th Cir.2002).