**Ruben TRUJILLO HERNANDEZ,**
**Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 05–77083.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 28, 2008.

Ruben Trujillo Hernandez, San Jose, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas E. Ginsburg, Ethan B. Kanter, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Ruben Trujillo Hernandez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Rosales–Rosales v. Ashcroft,* 347 F.3d 714, 717 (9th Cir.2003), and we review for substantial evidence an IJ's denial of withholding of removal, *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). We deny in part and grant in part the petition for review.

Contrary to the government's contentions, Trujillo Hernandez's claims were exhausted because the BIA's opinion cited *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), and did not express disagreement with any part of the IJ's decision. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc).

Substantial evidence supports the IJ's determination that Trujillo Hernandez failed to establish eligibility for withhold-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing of removal. *See Faruk v. Ashcroft*, 378 F.3d 940, 944 (9th Cir.2004).

The IJ determined that Trujillo Hernandez's conviction under California Penal Code sections 242 and 243(e) was categorically a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E), and accordingly found him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). This decision was in error, because battery under sections 242 and 243(e) is not categorically a "crime of violence." *See Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1020–21 (9th Cir. 2006). We note that, contrary to the BIA's statement, the IJ did not rely on a conviction under California Penal Code § 273.5(a) in denying the application for cancellation of removal.

We remand for a determination of whether Trujillo Hernandez's conviction qualifies as a "crime of violence" under the modified categorical approach. *See generally INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also United States v. Snellenberger*, 493 F.3d 1015 (9th Cir.2007) (scheduled for rehearing en banc).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**