**Elias DUENAS–DUENAS, Petitioner**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70706.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2008.

Filed April 18, 2008.

James Todd Bennett, El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, RAWLINSON, CALLAHAN, Circuit Judges.

MEMORANDUM *

Elias Duenas–Duenas petitions for review of the Board of Immigration Appeal's (BIA) order affirming the Immigration Judge's (IJ) order of removal to Mexico by reason of having committed an aggravated felony. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

Duenas–Duenas's contention that the IJ failed to issue a cognizable decision and order as required by 8 U.S.C. § 1229a(c)(1)(A) and the regulations, 8 C.F.R. §§ 1003.37(a), 1240.12, 1240.13, is unavailing. Duenas could have presented his due process challenge to the BIA because the asserted deficiency is one that the BIA could have corrected on appeal, but did not do so. To this extent the issue is not exhausted. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). To the extent that Duenas–Duenas also argues that we lack jurisdiction on account of the absence of a final order, we disagree. The record reflects that the IJ ordered Duenas–Duenas removed to Mexico based on her written findings. As all issues were disposed of, we have jurisdiction and decline Duenas–Duenas's request for remand. Finally, Duenas–Duenas suggests that the IJ failed to rule on his motion to terminate based on prior "inchoate" deportation proceedings, but she did, on March 18, 2003.

## II

Duenas–Duenas submits that the conviction for an attempt to violate Cal. Health & Safety Code § 11351 under Penal Code § 664 is not an aggravated felony in the absence of a sentence. Duenas–Duenas does not challenge the IJ's finding that his § 11351 conviction is analogous to a federal felony under the Controlled Substances Act. *See* 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846. He remains convicted of this offense despite the effect of Cal.Penal Code § 654(a), which is merely to preclude double punishment for the same act. *See* INA § 101(a)(48), 8 U.S.C. § 1101(a)(48).

Given this disposition, we do not need to reach Duenas–Duenas's arguments with respect to his conviction under Cal. Health & Safety Code § 11370.6.

Nor is Duenas–Duenas's reliance in reply on *United States v. Snellenberger*, 493 F.3d 1015 (9th Cir.2007), viable; that case will be reheard en banc and the panel opinion cannot be cited to or by any court in the Ninth Circuit. 519 F.3d 908 (9th Cir.2008). In any event, Duenas–Duenas preserved no such challenge to the IJ's conclusions, and has never claimed that he is not deportable by reason of having committed an offense relating to a federally controlled substance.[1]

## III

The IJ found that Duenas–Duenas's previous order of deportation was discharged through self-deportation. This finding is supported by the record. Therefore, Duenas–Duenas's position that the proceedings should have been terminated absent evidence of the 1976 order of removal lacks merit.

PETITION DENIED.

---

1. The IJ also found that Duenas–Duenas was removable as charged under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), given that he was convicted for a violation of a law "relating to" a controlled substance. Duenas–Duenas does not contest this conclusion.