**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10116 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02332-DCB |
| v. | |
| PEDRO SOTO-LARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Pedro Soto-Lara appeals his 28-month sentence, imposed following his

guilty-plea conviction for illegal re-entry in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soto-Lara contends that the district court erred when it calculated the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

applicable federal Sentencing Guidelines range. In particular, he argues that the district court incorrectly determined that his prior conviction for inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code § 273.5(a) was a felony for purposes of section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. Therefore, Soto-Lara claims, the district court erred when it enhanced his offense level by 16 levels.

We review a district court's interpretation of the Sentencing Guidelines de novo, its factual determinations for clear error, and its application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008).

Section 273.5(a) is a wobbler, which means that a violation of the statute may be punished either as a felony or as a misdemeanor. *United States v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010). If, according to California law, a person who was convicted of violating the wobbler statute is deemed to have been convicted of a felony rather than a misdemeanor, then the person has been convicted of a felony for purposes of section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. *See, e.g., United States v. Diaz-Argueta*, 564 F.3d 1047, 1049-50 (9th Cir. 2009). Section

17(b)[1] of the California Penal Code determines whether a conviction for violating a

wobbler is a misdemeanor or a felony. *See United States v. Bridgeforth*, 441 F.3d

---

[1]Section 17(b) provides:

When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.

(2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor.

(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint.

Cal. Penal Code § 17(b).

11-10116

864, 870-72 (9th Cir. 2006); *People v. Perez*, 45 Cal. Rptr. 2d 107, 112 (Cal. Ct. App. 1995).

Soto-Lara's prior conviction does not qualify as a misdemeanor under § 17(b)(1). Soto-Lara contends that the state court sentenced him to a jail term for his violation of § 273.5 and that this proves that he committed a misdemeanor rather than a felony. However, the record shows that Soto-Lara was not sentenced to a jail term. Instead, the state court suspended imposition of sentence, placed him on probation, and ordered that he serve 150 days in county jail as a term of his probation. It is well-settled that a suspension of the imposition of sentence does not constitute a "judgment imposing a punishment" for purposes of § 17(b)(1), even if the person is placed on probation and one of the terms of probation is serving time in county jail. *See* Cal. Penal Code § 17(b)(1); *People v. Esparza*, 61 Cal. Rptr. 167, 169 (Cal. Ct. App. 1967); *see also Diaz-Argueta*, 564 F.3d at 1049; *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *abrogated in part on other grounds as recognized in Ortega–Mendez v. Gonzales,* 450 F.3d 1010, 1020 (9th Cir. 2006). In cases where the court suspends imposition of a sentence, the wobbler conviction may become a misdemeanor under § 17(b)(1) only if the state court subsequently imposes a misdemeanor sentence. *See, e.g., Bridgeforth*, 441 F.3d at 871-72. Because the record here shows that the state court suspended

imposition of Soto-Lara's sentence and did not subsequently impose a sentence, Soto-Lara's conviction for violating § 273.5(a) does not qualify as a misdemeanor under § 17(b)(1).

The remainder of §17(b) also supports the conclusion that Soto-Lara's prior conviction is a felony. Section 17(b)(2) clearly does not apply here because Soto-Lara was not committed to the Division of Juvenile Justice, which is a requirement of that subsection. *See* Cal. Penal Code § 17(b)(2).

In addition, § 17(b)(3) also does not provide any support for Soto-Lara's claim that his prior conviction was a misdemeanor. In order for a felony to become a misdemeanor under § 17(b)(3), a court must not only grant probation to a defendant without imposition of sentence, but must actually declare the offense to be a misdemeanor. *See* Cal. Penal Code § 17(b)(3); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir. 2003); *Robinson*, 967 F.2d at 293. When there is no evidence in the record to show that the court declared the offense to be a misdemeanor, § 17(b)(3) does not operate to turn a wobbler offense into a misdemeanor. *See Diaz-Argueta*, 564 F.3d at 1050. Here, there is nothing in the record showing that the court ever declared Soto-Lara's offense to be a misdemeanor. Accordingly, his violation of § 273.5(a) may not be considered a misdemeanor under § 17(b)(3).

Section 17(b)(4) requires that the prosecuting attorney file a complaint specifying that the offense was misdemeanor. *See* Cal. Penal Code § 17(b)(4). The complaint in Soto-Lara's case specified that the offense was a felony, not a misdemeanor. The minute order from the guilty plea hearing unequivocally shows that he pled guilty to the felony charge listed in this complaint. In addition, the "Advisement and Waiver of Rights for a Felony Guilty Plea," signed by Soto-Lara clearly indicates that Soto-Lara was pleading guilty to a felony charge. Accordingly, Soto-Lara's offense is not a misdemeanor under § 17(b)(4).

In order for a wobbler offense to become a misdemeanor under § 17(b)(5), a magistrate must determine, by the time of the preliminary examination, that the offense is a misdemeanor. *See* Cal. Penal Code § 17(b)(5). Here, nothing in the record shows that this ever happened.

Thus, under § 17(b), Soto-Lara's prior conviction is a felony, not a misdemeanor.

Nevertheless, Soto-Lara argues that his prior conviction must be treated as a misdemeanor because the terms and conditions of his probation prohibited him from possessing firearms for a length of time associated with a misdemeanor. However, the terms and conditions of Soto-Lara's probation are not relevant under

§ 17(b), and we rejected a similar argument in *Diaz-Argueta*. *See* 564 F.3d at 1050.

Finally, Soto-Lara argues that the "Warning To Alien Ordered Removed or Deported," which was provided to him at the time he was deported, provides evidence supporting his argument that his prior conviction was not a felony. In support of this argument, he notes that this document does not contain a check in the box indicating that the alien has been convicted of an aggravated felony. Soto-Lara again fails to explain how this document is relevant under section 17(b). Moreover, a prior conviction may qualify as a felony crime of violence under § 2L1.2(b)(1)(A) even if the prior conviction is not an aggravated felony. *See Diaz-Argueta*, 564 F.3d at 1050; *see also United States v. Pimentel-Flores*, 339 F.3d 959, 963-64 (9th Cir. 2003).

Thus, the district court did not err when it determined that Soto-Lara's prior conviction was a felony and enhanced the offense level.

**AFFIRMED.**