**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2012

Lyle W. Cayce
Clerk

No. 12-30075
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDRES PEREZ-BUSTILLO,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-215-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andres Perez-Bustillo challenges his sentence of 46-months' imprisonment, following his guilty-plea conviction for illegal reentry into the United States. He challenges only the procedural reasonableness of his sentence, contending: the district court incorrectly determined that his prior conviction for assault with a firearm, in violation of California Penal Code § 245(a)(2), was a felony conviction, warranting a 12-level enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline § 2L1.2(b)(1)(A)(ii); and, consequently, his sentence is an unreasonable upward variance.

Although, post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Perez challenges only the procedural reasonableness of his sentence.

As the parties acknowledge, in California § 245(a)(2) is termed a "wobbler"; punishment under the statute may be either as a felony or misdemeanor. *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049 (9th Cir. 2009). "If, according to California law, a person who was convicted of violating [a] wobbler statute is deemed to have been convicted of a felony rather than a misdemeanor, then the person has been convicted of a felony for purposes of [§] 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines." *United States v. Soto-Lara*, --- F. App'x ---, 2012 WL 823636, *1 (9th Cir. 13 Mar. 2012) (unpublished) (citing *Diaz-Argueta*, 564 F.3d at 1049-50).

"Under California law, a 'wobbler' is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor." *Diaz-Argueta*, 564 F.3d at 1049 (internal quotation marks and citation omitted). Section 17(b) of the California Penal Code sets forth under what circumstances a "wobbler" is considered a misdemeanor. *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003).

Perez contends that, because he received a sentence other than imprisonment in the state prison–i.e., three years' probation, with the first 365 days to be served in county jail–his conviction is a misdemeanor. The state records evidencing Perez' conviction do not, however, reflect either: a judgment

imposing a punishment other than imprisonment in a state prison, such that California Penal Code § 17(b)(1) applies; or a designation of the offense as a misdemeanor by the state court, such that § 17(b)(3) applies. *Soto-Lara*, 2012 WL 823636 at **1-2; *see United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992) (when California court imposes suspended sentence, judgment for purposes of § 17(b)(1) is not entered), *abrogated in part on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir. 2006).

Because the record reflects that the state court suspended imposition of a sentence, imposed a three-year term of probation, and did not specifically designate Perez' conviction as a misdemeanor, his conviction under § 245(a)(2) remained a felony under California law, notwithstanding Perez' being ordered to serve the first 365 days of probation in county jail. *Soto-Lara*, 2012 WL 823636 at **1. Accordingly, the district court did not err in determining that Perez' state-court conviction was a felony for purposes of Guideline § 2L1.2(b)(1)(A)(ii). *See* § 2L1.2, cmt. 2; *see also* Cal. Penal Code § 245(a)(2).

Because the district court committed no procedural error in applying the 12-level enhancement, and the 46-month sentence imposed by the district court falls within a properly-calculated advisory Guidelines-sentencing range, our court need not reach Perez' unreasonable-upward-variance contention.

AFFIRMED.